INDEPENDENT NAIL & PACKING CO., Inc.
v.
STRONGHOLD SCREW PRODUCTS, Inc.
No. 11123.

United States Court of Appeals Seventh Circuit.
July 13, 1954.
Motion for Allowance of Attorneys Fees Denied Sept. 1, 1954.

Thomas F. McWilliams, Chicago, Ill., Herbert A. Baker, Boston, Mass., for appellant.

Casper William Ooms, Robert C. Williams, Chicago, Ill., for appellee.

Before DUFFY, LINDLEY and SWAIM, Circuit Judges.

DUFFY, Circuit Judge.

This case is here for a second time. On the prior appeal this court held, 205 F.2d 921, that defendant infringed plaintiff's trade-mark "Stronghold"; was a latecomer in the adoption of the word "Stronghold" to designate a line of goods which it manufactured and sold, and which was similar to a line made and sold by plaintiff; and was not entitled to use "Stronghold" in its corporate name.

We also pointed out that defendant adopted its new corporate name including the word "Stronghold" with full knowledge of plaintiff's trade-mark. We also stated, "Defendant adopted its logotype emphasizing the word 'Stronghold' with full knowledge of plaintiff's registered trade-mark which featured the same word. It did so at its peril." We held that defendant with full knowledge of plaintiff's use of the word in its business, appropriated plaintiff's common law trade-mark, as well as the predominant feature of plaintiff's registered trade-mark. We also held that defendant's conduct constituted unfair competition and concluded our opinion by stating that plaintiff was entitled to injunctive relief.

After defendant's petition for certiorari had been denied, 346 U.S. 886, 74 S.Ct. 138, the mandate of this court was issued November 19, 1953, and judgment for the plaintiff was entered in the district court on November 27, 1953. However, the court included in that judgment a provision that the injunctive provisions thereof should not become effective until the further order of the court.

On December 17, 1953, defendant filed a motion for an interpretation of the judgment and asked the court to decree that Stronghold Screw Products, Inc. had the right to use the corporate name of Strong Screw and Bolt, Inc., and that it might use logotypes in the form hereinafter set forth in this opinion. On February 23, 1954, the district court decreed that the defendant might use the corporate name Strong Screw and Bolt, Inc., and the form of logotypes as requested. Plaintiff appeals.

The district court ordered that the injunctive provisions of the judgment should become effective May 1, 1954, but after plaintiff gave notice of the appeal herein, the court entered an order that the injunction be stayed until 30 days after the issuance of the mandate of this court on this appeal.

The issue here is whether under the facts found and the law of the case, as stated by this court, and under the judgment entered in the district court, wherein it was determined that defendant had infringed plaintiff's registered trademark, its common law trade-mark, had competed unfairly with plaintiff, and had caused confusion in the trade by using this logotype:

and by using the corporate name Stronghold Screw Products, Inc., the defendant may now be permitted to use these two logotypes:

and operate its business under the corporate name Strong Screw and Bolt, Inc.

In its preliminary consideration of the defendant's request for an interpretation of the judgment, the district judge said, "The wise thing to do is to stay away from it entirely." The judge was referring to plaintiff's "Stronghold" trademark. He also said, " * * * but it would seem to me that after the Circuit Court of Appeals has ruled that Stronghold, the name in the corporate name of Stronghold, is a violation, that merely switching it and leaving out the word Hold and making it Strong, would not make much difference, would it?" He further stated, "Offhand I would think they should appropriate some entirely separate name."

When the district judge made the observations above-quoted he was on solid ground. In Northam Warren Corp. v. Universal Cosmetic Co., 7 Cir., 18 F.2d 774, this court said, at page 775: "One entering a field of endeavor already occupied by another should, in the selection of a trade-name or trade-mark, keep far enough away to avoid all possible confusion." In Weiner v. National Tinsel Mfg. Co., D.C., 35 F.Supp. 771, 772, the court said: "The late comer in such an established field is under a special duty to avoid confusion." This court also said in the Northam Warren opinion, supra: "Whether there is an infringement of a trade-mark does not depend upon the use of identical words, nor on the question as to whether they are so similar that a person looking at one would be deceived into the belief that it was the other; but it is sufficient if one adopts a trade-name or a trade-mark so like another in form, spelling, or sound that one, with a not very definite or clear recollection as to the real trade-mark, is likely to become confused or misled."

Plaintiff, being entitled to relief, was entitled to effective relief. William R. Warner & Co. v. Eli Lilly & Co., 265 U.S. 526, 532, 44 S.Ct. 615, 68 L.Ed. 1161. "The due protection of trade-mark and similar rights requires that a competitive business, once convicted of unfair competition in a given particular, should thereafter be required to keep a safe distance away from the margin line—even if that requirement involves a handicap as compared with those who have not disqualified themselves." Broderick & Bascom

Rope Co. v. Manoff, 6 Cir., 41 F.2d 353, 354.

■ Although his comments revealed he thought an entirely different name should be chosen, the district judge later decreed that defendant would be permitted to carry on its business under the name of Strong Screw and Bolt, Inc., and could use the logotypes in the last two forms hereinbefore illustrated. We think the district court was in error as we are convinced that the confusion mentioned in our previous opinion will continue to exist if defendant is permitted to carry on its business under the revised corporate name and logotypes, as permitted by the district court's order.

Changing its corporate name will neither be a new experience for defendant nor a hardship, if the past is a criterion of the ease with which it is accomplished. In a period from 1936 to 1946 defendant operated under the names of Sackheim Brothers Corporation, Manufacturers Screw and Supply House, and Manufacturers Screw Products. It then attempted to benefit from the good will which plaintiff had built up around its mark "Stronghold," and in 1946 changed its name to Stronghold Screw Products, Inc. It is now almost a year since this court decided plaintiff was entitled to injunctive relief from such infringing tactics and unfair competition. During this entire period and up to this date, defendant has been permitted to and has continued its infringement of the trade-mark "Stronghold." It is high time that such conduct be stopped.

The order and the judgment of February 24, 1954, is

Reversed.

On Plaintiff's Motion for Allowance of Attorney's Fees.

PER CURIAM.

Independent Nail and Packing Company, hereinafter referred to as plaintiff, filed this motion against Stronghold Screw Products, Inc., hereinafter referred to as defendant, for the allowance of attorney's fees incurred by plaintiff in litigation with defendant, subsequent to July 9, 1953, to protect plaintiff's rights to statutory and common law trademarks in the legend "Stronghold" as applied to nails and other similar fastener products. This litigation has given rise to three opinions by this court (Nos. 10808, 11123 and 11135 *) which will suffice to present the facts relating to the issues before us.

Inasmuch as we believe that jurisdictional questions presented are decisive, only a sketchy statement of procedural facts will suffice for this memorandum. In Independent Nail & Packing Co. v. Stronghold Screw Products, Inc., 7 Cir., 205 F.2d 921, certiorari denied 346 U.S. 886, 74 S.Ct. 138, we held, reversing the trial court, that plaintiff possessed valid statutory and common law trademark rights in its legend "Stronghold" as applied to fastener products and that defendant was guilty of infringement and unfair competition in its adoption of the corporate name "Stronghold Screw Products, Inc.," and its use of logotypes employing a like legend. This decision was rendered on July 9, 1953.

An injunction was issued in the District Court in accord with our mandate, but the effective date of the injunction was subsequently stayed by Judge Perry, on defendant's motion, until such time as a collateral action by defendant had been decided,—an action for a declaration that defendant might, pursuant to our mandate, adopt a corporate name of Strong Screw & Bolt, Inc., using the legend "Strong" in its logotypes and advertising. Plaintiff answered this action by its supplemental complaint seeking an injunction against defendant's use of the proposed corporate name and literature. Judgment was entered in favor of defendant.

* 205 F.2d 921; 214 F.2d 670.

Plaintiff appealed from this judgment and filed an original petition for a writ of mandamus to compel Judge Perry to vacate the order staying the injunction entered in the court below pursuant to our mandate in No. 10808. We decided both cases in favor of plaintiff on July 13, 1954.

Plaintiff asserts that it has incurred expenses and attorney's fees in excess of $7,000.00 subsequent to July 9, 1953, when its rights in the trademark were finally established; that these expenses resulted from defendant's attempts to circumvent our mandate by attempting to adopt a corporate name and logotypes confusingly similar to plaintiff's trademark; that, through its successful effort to obtain a stay against enforcement of plaintiff's rights, defendant has continued to use its infringing corporate name and logotypes to plaintiff's injury and prays that this court award it $7,700.00 in attorney's fees as compensatory damages. Defendant, answering, moves to dismiss plaintiff's motion.

We need consider only one of defendant's several contentions, namely, that the prayer for attorney's fees is not timely and has been waived. On the records before us in causes No. 10808, 11123 and 11135, plaintiff probably had a meritorious claim for compensatory damages. The efforts of defendant to prolong its use of the infringing marks do not commend themselves highly to a court of equity. We do not, however, reach this question.

■ In its supplemental complaint, plaintiff sought an injunction restraining defendant's adoption of a corporate name and logotypes confusingly similar to plaintiff's and for general relief. On appeal to this court the only issue raised by plaintiff was whether it was entitled to injunctive relief against defendant's use of the "Strong" corporate name and logotypes. From the record it appears that no claim was made at any time, either in the District Court or this court, for compensatory damages. Therefore, the present motion is fatally defective in at least two respects, namely, it attempts piecemeal litigation of a single controversy and it seeks to raise for the first time, at this late date, issues which should have been raised in the trial court at the time the original hearing was had. At that time the issue presented by this motion could have been decided. Inasmuch as plaintiff failed to raise the question, we must hold that it has now waived its right to claim compensatory damages. United States v. North American Transportation & Trading Co., 253 U.S. 330, 40 S.Ct. 518, 64 L.Ed. 935; Richter v. Hoglund, 7 Cir., 132 F.2d 748.

■ Plaintiff's only answer to refute application of this principle to bar its claim is its argument that it would have been useless to submit the question of compensatory damages to the District Court, "in view of the actions taken by the trial court in the various matters presented to it." On the same reasoning, it is said that a motion in the trial court for compensatory damages "would not have been appropriate" and probably "would have been denied." This argument is beside the point. It is obvious that an anticipated defeat of a claim in a court having jurisdiction of the subject matter thereof cannot be pleaded as a basis for bypassing that appropriate tribunal and attempting to establish original jurisdiction in an appellate court where such jurisdiction does not exist.

We hold only that, whatever the merits of plaintiff's claim for compensatory damage, that issue was not presented at the proper time or in the proper court.

The motion for allowance of attorney's fees is denied.