**WORLD'S FINEST CHOCOLATE, INC., Plaintiff,**

v.

**WORLD CANDIES, INC., Defendant.**

**No. 69 C 64.**

United States District Court, N. D. Illinois, E. D.

March 16, 1976.

842

Charles A. Laff, Larry L. Saret, Laff, Whitesel & Rockman, Chicago, Ill., for plaintiff.

Howard P. Peck, New York City, William E. Snyder, Chadwell, Kayser, Ruggles, McGee & Hastings, Chicago, Ill., for defendant.

## MEMORANDUM AND ORDER

ROBSON, Senior District Judge.

This cause is before the court on the motion of plaintiff World's Finest Chocolate, Inc. for entry of an order holding defendant World Candies, Inc. in civil contempt and for other relief. For the reasons hereinafter stated, the motion shall be granted.

### FINDINGS OF FACT

On January 13, 1969, World's Finest Chocolate, Inc., an Illinois corporation, filed a complaint against World Candies, Inc., a New York corporation, and Goldblatt Bros., Inc., an Illinois corporation. Count I of the complaint alleged infringement of the trademark World's Finest as applied to candy. Count II of the complaint alleged unfair competition by reason of the sale of candy cigarettes under the identical term by defendants World Candies, Inc. and Goldblatt Bros., Inc.

At the commencement of the action, World's Finest Chocolate, Inc. was using the trademark World's Finest. This mark had been registered in the United States Patent Office on December 4, 1956, under Registration No. 638,128. The defendant World Candies, Inc. was using these words in the form WORLD'S finest.

On April 8, 1969, World's Finest Chocolate, Inc. and World Candies, Inc. entered into an agreement in settlement of the aforesaid litigation. The defendant agreed that World's Finest Chocolate, Inc. was the owner of the trademark World's Finest and that Registration No. 638,128 was valid. The defendant acknowledged infringement of the mark and unfair competition and agreed, among other things, not to use the word "finest" in combination with the word "world's" or "worlds" on any candy or other confection that it might sell in the future. It was further agreed that a consent decree would be sought from this court.

A consent judgment was approved by this court on April 10, 1969. The defendant admitted use (in the form WORLD'S finest) of plaintiff's mark without consent and that such use constituted trademark infringement and unfair competition. The defendant World Candies, Inc., its officers, agents, employees, successors, and assigns were permanently enjoined from using in any way this trademark, or any actual or colorable imitation or simulation thereof. This court retained jurisdiction over this cause for the purpose of enabling the parties to apply to it for orders or modifications necessary for construction of the judgment or for enforcement of compliance therewith.

Effective June 1, 1971, the original plaintiff assigned all of its right, title and interest to the trademark World's Finest, and Trademark Registration No. 638,128, to World's Finest Chocolate, Inc., a Delaware corporation. The latter company also succeeded to all of the original plaintiff's rights and obligations under the agreement of April 8, 1969, and the consent judgment of April 10, 1969.

On or about September 22, 1975, the plaintiff became aware that the defendant was again using the words "world's finest" in connection with its sale of candy. Plaintiff, through its attorneys, gave notice to the defendant but no accord was reached.

On November 7, 1975, the defendant filed a petition to cancel plaintiff's registration in the United States Patent and Trademark Office. This action was commenced in the second forum even though the consent judgment provided, as noted above, that this court was to retain jurisdiction over this cause for the purposes of enabling the parties to apply to the court for such orders, modifications, or corrections that may be necessary for the construction of the judgment.

On November 24, 1975, the plaintiff filed its motion for an order holding the defendant in contempt for violation of the injunction entered pursuant to the consent judgment. Plaintiff requested that an injunction be entered prohibiting defendant from further use of the name World's Finest. The plaintiff further requested an accounting of defendant's profits and that defendant be required to pay its costs, damages, attorneys' fees and expenses.

The defendant admitted use of the words at issue on its candy but contended that said use did not violate the terms of the judgment as its use was not a trademark use. Defendant's present use of these words differs from its use in 1969 only by placing the words on separate lines in immediate juxtaposition rather than on the same line.

On December 19, 1975, a hearing was held on this matter. An order was entered directing the plaintiff to file an additional memorandum on the issue and the defendant was given the opportunity to again respond.

The plaintiff thereafter filed its second memorandum in support of its contempt petition. Plaintiff further requested, among other things, that de-

fendant be enjoined from prosecuting the aforementioned cancellation proceedings in the United States Patent and Trademark Office and that the defendant be ordered to pay attorneys' fees and expenses incurred before this second forum also.

The defendant thereafter filed its second response. In addition to arguing that its present use was a legitimate descriptive use and not within the scope of the consent judgment, the defendant requested this court to nullify or vacate the consent judgment.

## DECISION

■ It is well established that the protection of a trademark requires that a party once convicted of infringement or unfair competition should keep a safe distance from the margin line between compliance with the order and a violation. *Independent Nail & Packing Co. v. Stronghold Screw Products, Inc.,* 215 F.2d 434, 436 (7th Cir. 1954); *Broderick & Bascom Rope Co. v. Manoff,* 41 F.2d 353, 354 (6th Cir. 1930). Having once determined that the plaintiff was entitled to relief, the relief granted should be effective within the terms of the judgment. A party who takes it upon himself to avoid the terms of a court order does so at his peril.

■ The issue before the court at this time is what the consent judgment means by the plain intendment of the words used therein and whether the conduct of the defendant has violated its provisions. While the court cannot expand the terms of the judgment, it may look to the nature of the original proceedings to understand and subject the order to a reasonable interpretation. *Singer Mfg. Co. v. Golden,* 171 F.2d 266 (7th Cir. 1948).

■ Defendant's contention that this consent judgment was void *ab initio,* as there was no legally protectible res to which jurisdiction could attach, is without merit. It was agreed, pursuant to the consent judgment, that this court had jurisdiction over the subject matter and the parties. It was also agreed that defendant's 1969 use of plaintiff's mark constituted infringement of the mark and its registration and unfair competition. The terms of the judgment or of the injunction cannot be attacked in a civil contempt proceeding as they are res judicata. *Kiwi Coders Corp. v. Acro Tool & Die Works,* 250 F.2d 562 (7th Cir. 1957); *NLRB v. Local 282, IBT,* 428 F.2d 994 (2d Cir. 1970). Further, it can be inferred from the consent judgment that the plaintiff was the owner of the mark at issue and its registration was valid. Ownership and validity were explicitly agreed upon in the settlement agreement of April 8, 1969. These issues are not subject to attack in this proceeding.

■ The plaintiff has claimed that its mark is incontestable under 15 U.S.C. § 1065. Once plaintiff has established incontestability under this section, and the defendant here has not disputed this allegation, the mark is immune from challenge in an infringement action except as provided in 15 U.S.C. § 1115(b). Lack of distinctiveness of plaintiff's mark is not a defense under this latter section of the Lanham Act; and, as defendant could not have raised the issue in 1969, it clearly would be error to allow it to do so now.

■ The defendant further contends that the judgment bars its use of these two words only when used as a trademark by the defendant. The argument advanced is that the judgment (a) held defendant's use of the "mark World's Finest" in the precise form "World's finest" to be a trademark use denoting commercial origin with the plaintiff and hence an infringement; and (b) restrained defendant's use of "plaintiff's trademark World's Finest," *i. e.,* enjoined use by the defendant only when used as a trademark, that is, when serving to denote some connection with the plaintiff so as to interfere with plaintiff's rights.

The court does not read the terms of the judgment with such a limited view. The injunction, to which the parties

agreed, also barred the use of any colorable imitation of the mark. *See* 15 U.S.C. § 1127. In addition, the injunction barred the use of a colorable simulation. It is apparent to the court that the parties intended to prohibit the use of the words "world's finest" in circumstances other than when the defendant used them as a trademark. It was intended that a change introduced merely to avoid the precise limitation barred in 1969 should also be enjoined. The settlement agreement reveals that the parties intended this result. The defendant expressly agreed not to use the word "finest" in combination with the word "world's."

■ Defendant, in effect, argues that its present use of these words is merely a descriptive use and that the judgment has not been violated. A similar argument was advanced by the defendant in *Broderick & Bascom Rope Co. v. Manoff, supra,* and rejected. Defendant was disqualified to claim the full competitive rights which might be open to a stranger. 41 F.2d at 354. The effect of an injunction barring the use of plaintiff's trademark is also a bar to the use of any words in close imitation or resemblance to the mark.

■ Furthermore, defendant contends that this court must find infringement in the trademark sense before the consent decree can be violated and that it is entitled to a hearing on that issue. *Star Bedding Co. v. Englander Co., Inc.,* 239 F.2d 537 (8th Cir. 1957). The instant situation is distinguishable, however, as the defendant here in the consent judgment has admitted infringement of plaintiff's trademark, and unfair competition, and has been enjoined from using, in any way, plaintiff's trademark or any actual or colorable imitation or simulation thereof.

■ This court is of the opinion that defendant's admission of infringement in the consent judgment operates as a waiver of the right to submit evidence on that issue when proceedings for civil contempt are before it. The sole concern of this court is whether the actions of the defendant would render the consent judgment ineffective. *Eskay Drugs, Inc. v. Smith, Kline & French Laboratories,* 188 F.2d 430, 432 (5th Cir. 1951).

■ The parties to the consent judgment agreed that the defendant would cease using plaintiff's mark, or any actual or colorable imitation or simulation thereof, in any way. The use enjoined by agreement in 1969 was in the form WORLD'S finest. Defendant's most recent use was in the form WORLD'S finest.

This latter use clearly is a colorable imitation of the use barred by agreement and is contrary to the terms of the consent judgment. The injunction has been violated, and the defendant is in contempt.

■ The court further is of the opinion that defendant's petition to cancel plaintiff's trademark, filed with the United States Patent and Trademark Office on November 7, 1975, is likewise a contemptuous act. Pursuant to the consent judgment, this court was to retain jurisdiction over this cause for the purpose of enabling the parties to apply to it for such orders or modifications which might be necessary. When notified of the alleged violation by the plaintiff on or about September 25, 1975, the defendant did not resort to this court but instead initiated a petition to cancel plaintiff's mark in another forum. Such action was clearly done to harass the plaintiff and is, in this court's opinion, contrary to the terms of the consent judgment.

■ A successful plaintiff in a civil contempt proceeding may recover not less than its expenses, including reasonable attorneys' fees, incurred in enforcing an order of the court. *Fleischmann Distilling Corp. v. Maier Brewing Co.,* 386 U.S. 714, 718, 87 S.Ct. 1404, 1407, 18 L.Ed.2d 475, 479 (1967). Due to the unusual circumstances here, plaintiff is entitled to fees and expenses incurred both before this court and before the United States Patent and Trademark Of-

fice. Both the use of the mark at issue and the collateral attack were in willful violation of the provisions of the consent judgment.

 Plaintiff is further entitled to an accounting of defendant's profits, if any, resulting from its sales of candy under plaintiff's trademark. Such a remedy is proper when, as here, plaintiff's property was used without its permission and in violation of the terms of the consent judgment. *W. E. Bassett Co. v. Revlon, Inc.*, 435 F.2d 656 (2d Cir. 1970).

It is therefore ordered, adjudged and decreed that defendant World Candies, Inc. has willfully and knowingly violated the terms of the consent judgment.

It is further ordered, adjudged and decreed that plaintiff World's Finest Chocolate, Inc. is entitled to damages and to reasonable attorneys' fees and court costs for defendant's violations of said consent judgment.

It is further ordered, adjudged and decreed that plaintiff shall within ten days file its petition addressed to the court advising of any further relief to which it claims it is entitled.

It is further ordered, adjudged and decreed that plaintiff shall set forth in said petition the basis of its request for damages, attorneys' fees and court costs and such further relief to which it claims it is entitled.

It is further ordered, adjudged and decreed that upon proper application and reference being made to the findings of this court, an order will be entered restraining defendant from further proceeding with Cancellation No. 11,084 now pending in the United States Patent and Trademark Office.