UNITED STATES of America, Appellee,

v.

Lewis Nathaniel DIXON, Appellant.

No. 76–2106.

United States Court of Appeals,
Ninth Circuit.

July 26, 1977.

Jerrold M. Ladar, argued, San Francisco, Cal., for appellant.

John C. Gibbons, argued, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before WATERMAN,* KENNEDY, and ANDERSON, Circuit Judges.

KENNEDY, Circuit Judge:

Lewis N. Dixon was convicted after a jury trial of one count of possession of heroin with intent to distribute, a violation of 21 U.S.C. § 841(a)(1), and of one count of carrying a firearm unlawfully during the commission of a felony, a violation of 18 U.S.C. § 924(c)(2). On appeal we consider the interpretation and effect of the firearms statute, the legality of a search and seizure, and the correctness of certain jury instructions.

■ Appellant did not raise any objection to the jury instructions at trial, but nevertheless argues that the trial court committed plain error in allowing the jury to find the defendant guilty of violating 18 U.S.C. § 924(c)(2) as a separate offense. He argues that section 924(c)(2), which proscribes the unlawful carrying of a firearm during the commission of a felony, was not intended to create a separate federal crime, but was designed only to increase punishment.

The argument advanced by appellant has been rejected by the several courts of appeals that have considered it. *United States v. Crew,* 538 F.2d 575 (4th Cir. 1976); *United States v. Williams,* 523 F.2d 1203, 1211 (5th Cir. 1975); *United States v. Howard,* 504 F.2d 1281 (8th Cir. 1974); *United States v. Ramirez,* 482 F.2d 807 (2d Cir. 1973); *United States v. Sudduth,* 457 F.2d 1198 (10th Cir. 1972). We find those authorities persuasive and rule that section 924(c)(2) was intended to establish a separate crime. Appellant could properly be convicted of violating both 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c)(2).

■ Appellant also contends that the trial court failed to instruct the jury fully and adequately that the defendant could not be convicted under 18 U.S.C. § 924(c)(2) unless he had been carrying a firearm unlawfully. *See United States v. Akers,* 542 F.2d 770, 772 (9th Cir. 1976). We find that the instructions were adequate and therefore reject this contention. Considered as a whole, the instructions did state that the requisite elements for conviction under the statute would be satisfied only if the act of carrying the firearm was in and of itself unlawful.[1]

---

* Honorable Sterry R. Waterman, United States Circuit Judge for the Second Circuit, sitting by designation.

1. The relevant instructions were as follows:
   In connection with Count 2 of the indictment which charges the violation of Title 18, U.S. Code, Section 924(c)(2), the statute provides, in pertinent part, that:
   "Whoever carries a firearm unlawfully during the commission of a felony for which he may be prosecuted in a court of the United States shall be guilty of an offense against the laws of the United States."
   Two essential elements are required to be proved in order to establish the offense charged in Count 2 of the indictment.
   First, that the defendant committed a felony for which he may be prosecuted in a United States court; second, during the commission of that felony, the defendant carried a firearm.
   You are instructed that the crime of possession of heroin with intent to distribute, a violation of Title 21, U.S.C., Section 841(a)(1), is a felony for which the defendant may be prosecuted in a United States court.

You are instructed that a Smith & Wesson 357 Magnum is a firearm within the meaning of Title 18, U.S.C., Section 924(c)(2).
   The defendant is considered to have carried the firearm if he conveyed, transported or took the firearm with him unlawfully during the commission of a Federal felony.
   It is unlawful to carry a loaded firearm within any vehicle which is under one's control or direction while on any public street in an incorporated city without having a license to carry such firearm."
   Though the instructions considered as a whole were adequate, it would have been preferable for the trial judge to have phrased the third paragraph of the quoted instructions in the following terms:
   First, that the defendant committed a felony for which he may be prosecuted in a United States court; second, that during the commission of that felony, the defendant carried a firearm unlawfully.
   The instructions to the jury in this case do not present the defects of those considered by this court in *United States v. Garcia,* 555 F.2d 708 (9th Cir. 1977). In that case, unlike here,

At oral argument before this court, counsel for appellant further urged that the district court committed reversible error by failing to charge the jury on its own motion that California law permits carrying a loaded firearm "by a person who reasonably believes that the person or property of himself or another is in immediate danger and that the carrying of such weapon is necessary for the preservation of such person or property." Cal. Penal Code § 12031(j) (West Supp.1977). Even under the generous assumption that section 12031(j) could protect a drug dealer who is armed to insure the successful completion of his nefarious activities, we cannot say that the failure to give such an instruction constituted plain error.

Appellant challenges on fourth amendment grounds the introduction at trial of both a pistol and a brown paper bag containing heroin. These items were seized from appellant's car at the time of his arrest. Viewed in the light most favorable to the Government, *United States v. Wilson*, 535 F.2d 521, 522 (9th Cir. 1976), the circumstances that led to the arrest of appellant and the seizure of the evidence at issue are as follows: An informant advised the Drug Enforcement Administration (DEA) that he was about to negotiate a narcotics transaction with appellant. The ensuing negotiations were taped with the informant's consent. At the agreed time and place of the sale, DEA agents observed appellant drive up to the informant and stop. A license check confirmed that the car was appellant's. The informant walked over to the car, knelt down on the passenger side, and had a conversation with appellant. On a prearranged signal from the informant to indicate that appellant had heroin in his possession, the agents placed appellant under arrest while he was still in his car. Appellant was told three times to raise his hands. After hesitating suspiciously, he finally complied. He was ordered to step out of the car, and as he exited, one of the agents observed a revolver and a brown paper bag on the floorboard. While one agent patted him down for weapons and handcuffed him, another agent seized the fully loaded revolver and the brown bag. The second agent then opened the bag and discovered the contraband.

There was ample probable cause to justify Dixon's arrest. The circumstances were more than sufficient to give the agents reason to believe that the informant was credible and that there was a reliable basis for his conclusion that appellant was in possession of heroin. *See McCray v. Illinois*, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967); *cf. Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). The evidence that allegedly should have been suppressed was the product of a valid search incident to the lawful arrest. *See Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); *United States v. Gonzales-Rodriguez*, 513 F.2d 928, 931 (9th Cir. 1975). There is no substance to appellant's claim that even if the seizure of the brown paper bag was valid, the Government should have obtained a warrant before investigating its contents. That inspection was properly within the scope of the search incident to Dixon's arrest. *United States v. Marshall*, 526 F.2d 1349, 1358 (9th Cir. 1975); *United States v. Murray*, 492 F.2d 178, 188 (9th Cir. 1973); *United States v. Mehciz*, 437 F.2d 145, 146–48 (9th Cir. 1971).

Appellant also argues that the trial court committed reversible error by failing to conduct a separate hearing before trial on defendant's motion to suppress. Fed.R. Crim.P. 12(e). While the practice of consolidating the suppression hearing with the trial is not to be commended in all cases, *United States v. Ledesma*, 499 F.2d 36, 40 (9th Cir. 1974), the appellant here was not prejudiced by the failure to hold a separate hearing. *See id.* at 39–40; *Evalt v. United States*, 382 F.2d 424 (9th Cir. 1967). Ample testimony, subject to cross-examination,

the trial judge did not instruct the jury as to any statute or ordinance, federal, state, or city, from which it might make the factual determination that the defendant's carrying of a firearm was unlawful.

was introduced at trial confirming that the informant was reliable and that the authorities had probable cause to arrest Dixon. Both the DEA agents who conducted the search incident to appellant's arrest and the informant were examined thoroughly by defense counsel about the circumstances surrounding the arrest and the search. Moreover, appellant does not allege that he was prejudiced in any way by his failure to take the stand on the suppression issue. Under the circumstances, no reversible error occurred.

We have examined appellant's other contentions and find them without merit.

The judgment of conviction is AFFIRMED.