48 F.3d 1229
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Floyd SMITH, Defendant-Appellant.
 No. 94-30289.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 15, 1995.*
Decided Feb. 23, 1995.
 
 Before: SCHROEDER, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Floyd Smith appeals his conviction for being a felon in possession of a firearm. Smith argues that the district court erred by denying his motion to suppress without holding an evidentiary hearing. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 Prior to trial, Smith moved to suppress statements obtained following his arrest on the ground that the police had not advised him of his Miranda rights before questioning him and he did not waive his rights. The motion identified the objectionable questions. Smith pointed to the Advisement of Rights form submitted in discovery, which contained the phrase "Handcuffed-Acknowledged" in the space for the defendant's signature. Smith filed an affidavit stating that the officers had not advised him of his rights. Smith's attorney filed an affidavit describing the facts surrounding the arrest and stating generally that Smith had made verbal statements in response to police questions.
 
 
 4
 The government responded to the pretrial motion, relayed the substance of Smith's statements, and agreed that an evidentiary hearing was required. Nonetheless, the district court denied the motion to suppress without a hearing. The court concluded:
 
 
 5
 [Smith] does not state the precise nature of the interrogation, the text of his remarks to the interrogating officers, nor in what manner the remarks were inculpatory. If the Defendant's remarks were not inculpatory, or if they were inculpatory but were a spontaneous and voluntary admission unprompted by questioning, they would not be suppressible. The Defendant does not provide adequate grounds for the court to find that the remarks were suppressible. No evidentiary hearing is required on the extremely sketchy facts provided by the Defendant.
 
 
 6
 The district court again denied the motion on the morning of trial. At trial, the government introduced Smith's statement that he had found the gun in the bushes a few days before the incident.
 
 
 7
 We review for abuse of discretion the district court's refusal to hold an evidentiary hearing on a motion to suppress. United States v. Mejia, 953 F.2d 461, 465 (9th Cir.1991), cert. denied, 112 S.Ct. 1983 (1992). A hearing is required if the motion and supporting affidavits allege a specific factual dispute. United States v. Walczak, 783 F.2d 852, 857 (9th Cir.1986).
 
 
 8
 Here, the pretrial motion set forth a simple and specific factual dispute: did the officer advise Smith of his rights before questioning him. The papers identified the questions asked and the answers given. Smith supported his motion with affidavits and references to discovery materials. Both parties agreed that a factual dispute existed and that an evidentiary hearing was required. Further, the district court mistakenly believed that Smith must allege that the statements were inculpatory; however, Miranda warnings are required before the government can introduce any statement by the defendant. Miranda v. Arizona, 384 U.S. 436, 476-77 (1966) ("[N]o distinction may be drawn between inculpatory statements and statements alleged to be merely 'exculpatory.' "). The burden of proof remained on the government to establish that an exception applied, such as a spontaneous statement. See id. at 478-79. Therefore, Smith's motion set forth a specific factual dispute, which if proven, would entitle him to relief. See Walczak, 783 F.2d at 857.
 
 
 9
 Although we have not commended the consolidation of suppression hearings with the trial, we have upheld the practice when the defendant has not been prejudiced by the denial of a separate hearing. See United States v. Ledesma, 499 F.2d 36, 39 (9th Cir.) (denial of pretrial evidentiary hearing did not prejudice defendant because he had a full opportunity at trial to cross examine the officers involved in search), cert. denied, 419 U.S. 1024 (1974). In light of Smith's assertion that he would have testified at the pretrial hearing to his version of the arrest, however, a separate hearing would have been appropriate. Cf. United States v. Dixon, 558 F.2d 919, 223 (9th Cir.1977) (no prejudice from consolidation of trial and suppression issue because defendant did not allege that he would have taken the stand on the suppression issue), cert. denied, 434 U.S. 1063 (1978).
 
 
 10
 The government argues that even assuming Smith's statement about finding the gun was suppressible, the error was harmless because overwhelming evidence established that Smith possessed the gun. We agree. Kwasi Kwabong testified that Smith pointed the gun at him, although Smith vigorously attacked Kwabong's credibility. Smith fled from the police, which can reflect consciousness of guilt. Smith abandoned a bag of bullets during his arrest. The bullets fit the gun, which was found in the bushes a few feet from Smith's path. The gun was dry, although every other object in the vicinity was wet with dew. Therefore, any error stemming from the denial of an evidentiary hearing or the admission of Smith's statement was harmless. See United States v. Khan, 993 F.2d 1368, 1376 (9th Cir.1993).
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3