**ESKAY DRUGS, Inc., et al. v. SMITH, KLINE & FRENCH LABORATORIES.**

No. 13226.

United States Court of Appeals
Fifth Circuit.

April 20, 1951.

Samuel J. Kanner, Stuart W. Patton, Miami, Fla., for appellants.

George J. Harding, Philadelphia, Pa., Robert H. Anderson, Miami, Fla., for appellee.

Before HOLMES, BORAH and STRUM, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from an order making absolute a rule to show cause and holding appellants to be in violation of the provisions of a consent decree which, by injunction, prohibited their use of appellee's registered trade-mark "Eskay," or any colorable imitation thereof. The proceedings out of which the present controversy arose are as follows:

In a complaint filed on December 22, 1948, the appellee asserted ownership of the trade-mark "Eskay," and alleged unfair competition and an infringement of its proprietary rights in same by the appellants. On February 1, 1949, appellants filed their answer, denying the material allegations of the complaint. On July 7, 1949, by consent of the parties and on motion of their attorneys, a final judgment was entered in which it was decreed that the appellants had infringed upon appellee's trade-mark rights by the use in commerce of the word "Eskay," on and in connection with the sale of drugs, pharmaceuticals, cosmetics, beers, wines, and liquors, without consent of the appellee. The consent judgment permanently enjoined the appellants from in any way directly or indirectly infringing upon appellee's trade-mark, and in particular from using the word "Eskay," or any colorable imitation thereof, on or in connection with the sale of any drugs, pharmaceuticals, cosmetics, beers, wines, and liquors.

On January 30, 1950, appellee filed a petition for an order of civil contempt, pleading that appellants were continuing to use the word "Eskay" in wilful violation of the injunction. On February 20, 1950, in response to an order to show cause as to why they should not be held in contempt, appellants admitted that they had technically violated the court's decree, but asserted that such violation was caused by appellee's conduct in rejecting all proposed changes of the name "Eskay." They further pleaded that they had changed the name of their drug stores to Enkay Drugs, and their labels and advertising to "Enkay." On February 21, 1950, the lower court entered an order which held appellants' response insufficient, and, without receiving evidence from either side, further held that the name "Enkay," adopted by the appellants, was a colorable imitation of the word "Eskay," in violation of its decree.

On this appeal, the appellants contend that the lower court erred in arbitrarily ruling that "Enkay" was a colorable imitation of appellee's trade-mark "Eskay" without hearing any testimony as to the nature of the business engaged in by the respective parties, and without inquiring as to whether the public would be confused by the appellants' use of the term "Enkay."

We see no merit in the foregoing contention raised by the appellants. If this case had gone to trial on the issue of infringement, it would certainly have been necessary and proper for the trial court to receive evidence as to the nature of appellants' business, and whether there was a possibility of deception by the use of the term "Enkay." But since there was an admission of infringement in the consent decree, and since appellants were enjoined from the further use of the term "Eskay" or any colorable imitation thereof, there was no longer present the issue of infringement. Appellants waived their right to submit such evidence when they consented to the final judgment. When the appellee filed its petition for an order of civil contempt, the proceedings were justifiably beyond the stage of a trial on the issue of infringement.

The injunction in this case permanently enjoined appellants directly or indirectly from infringing appellee's trade-marks, and from using the word "Eskay" or any colorable imitation thereof. Thus we have left for decision the sole question of whether appellants' use of the word "Enkay," in the same way it had previously used appellee's trade-mark "Eskay," is a colorable imitation of the trade-mark "Eskay." We think it is.

Appellants do not necessarily have to use the identical word to invade the rights of appellee. It is sufficient if they adopt a trade-mark so like appellee's in

form, spelling, or sound, that a person who does not have a very definite or clear recollection of the real trade-mark is likely to become confused or misled. That is the reason the injunction specifically prohibited appellants' use of any colorable imitation of the word "Eskay." In such a case as this, where the appellants have been found guilty of infringing the trade-mark rights of others, they should thereafter be required to keep a safe distance away from the dividing line between violation of, and compliance with, the injunction. They must do more than see how close they can come with safety to that which they were enjoined from doing.[1] Appellants, by the use of the word "Enkay," are trying to come about as close as is conceivably possible to a continuance of the use of the word "Eskay," which they are prohibited from using by the final judgment. If this court permitted such an act, it would render ineffective the consent decree entered into between these same parties, which we do not intend to do. The judgment appealed from is affirmed.

Affirmed.

1. Nims on Unfair Competition & Trade Marks, p. 1188, Section 373(g). See also

Broderick & Bascom Rope Co. v. Manoff, 6 Cir., 41 F.2d 353.