Kathleen M. SCHMITZ,
Plaintiff-Appellee,

v.

ST. REGIS PAPER COMPANY,
Defendant-Appellant.

No. 646, Docket 86-7723.

United States Court of Appeals,
Second Circuit.

Argued Jan. 7, 1987.

Decided Feb. 5, 1987.

Grant S. Lewis, New York City (Le-Boeuf, Lamb, Leiby & MacRae, Victoria E. Brieant, of counsel), for defendant-appellant.

Martin N. Silberman, New York City (Silberman & Kostrinsky, Shelley Kostrinsky, of counsel), for plaintiff-appellee.

Before FEINBERG, Chief Judge, VAN GRAAFEILAND and PIERCE, Circuit Judges.

PER CURIAM:

St. Regis Paper Company appeals from a decision of the United States District Court for the Southern District of New York, Vincent L. Broderick, J., finding that it had intentionally discriminated against an employee, Kathleen M. Schmitz, by terminating her employment because of her sex. For reasons given below, we affirm.

St. Regis hired Schmitz in August 1977 as a market analyst in the Corporate Marketing Department. In January 1980, she transferred to the Bag Packaging Division and in May 1981, she became the marketing manager for film and consumer bags in the Bag Packaging Division in West Nyack, New York. At that time, she was the only woman who had ever been a marketing manager in the Bag Packaging Division.

On December 1, 1981, Stephen Salt, a sales representative, was appointed to a newly-created position as marketing manager for compactor bags in the Bag Packaging Division. A few days after Salt's appointment, James Thaden, the director of marketing, informed Schmitz that her posi-

tion as marketing manager was being eliminated because of the then current recession. The decision to eliminate Schmitz's position was made by Thaden, with the approval of William H. Versfelt, the general manager of the Bag Packaging Division. Although her benefits continued through March 18, 1982, Schmitz stopped working on December 18, 1981. Schmitz was the only marketing manager in the Bag Packaging Division to be terminated or laid off during the period April 1981 to December 1982.

Following termination of her employment, Schmitz attempted to resolve her claim of sex discrimination, first by dealing with St. Regis directly and later by filing a claim of sex discrimination with the Equal Employment Opportunity Commission, which referred the matter to the New York State Division of Human Rights. When neither of these attempts proved successful, she brought suit pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., alleging intentional discrimination on the basis of sex and seeking restoration to a position comparable to the one from which she was terminated. After a non-jury trial, the district court found in favor of Schmitz. This appeal by St. Regis followed.

■ On appeal, the central issue is whether Judge Broderick committed clear error in finding that "Schmitz's elimination was motivated by sexual considerations" and that the justification offered by appellant at trial was "an after-the-fact rationalization intended to conceal the true facts." See *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 252–56, 101 S.Ct. 1089, 1093–95, 67 L.Ed.2d 207 (1981). In making these findings, Judge Broderick relied in part on the testimony of James Thaden when he was shown a marketing plan prepared by Schmitz. Thaden refused to concede that Schmitz prepared the plan and became angry when shown the document. Judge Broderick, however, found that Schmitz in fact had produced the plan. The judge commented regarding Thaden's testimony: "[I]t gives some idea to the

finder of fact of the fix of the man's mind. He was not willing to concede that Miss Schmitz, a woman, had done a piece of work which he apparently regarded as a pretty good piece of work." St. Regis argues that, since Schmitz did not submit the plan until after Thaden informed her of her termination, her work on the plan could not have affected Thaden's decision to terminate her. St. Regis evidently does not understand the effect that Thaden's testimony and demeanor on the witness stand had on Judge Broderick, the trier of fact. The judge could fairly conclude from Thaden's testimony and demeanor that he harbored a discriminatory attitude toward Schmitz and, in light of the surrounding circumstances, could infer that Thaden's decision to fire Schmitz was motivated by this attitude.

■ One of these circumstances, as found by Judge Broderick, was that Thaden had not given meaningful consideration to Schmitz's formidable education, several years of service with the company, past work experience, training and abilities. St. Regis points out that Thaden testified to the contrary. Judge Broderick evidently did not believe Thaden's testimony. In the absence of a credible explanation as to why Thaden did not make such an analysis, Judge Broderick concluded that no review was made because Schmitz was a woman. Judge Broderick's conclusion therefore rested on his credibility determination. Having observed Thaden testify in court, Judge Broderick was in a better position to assess Thaden's credibility than this court is on appeal. See *Anderson v. City of Bessemer City*, 470 U.S. 564, 573–76, 105 S.Ct. 1504, 1511–13, 84 L.Ed.2d 518 (1985). There is no reason in this case to upset Judge Broderick's credibility determination.

■ Judge Broderick also refused to accept St. Regis's explanations for terminating Schmitz. The original explanation given by Denis Cole, St. Regis's director of equal employment and affirmative action affairs, to Schmitz's counsel and to the Division of Human Rights was that

Schmitz was the "least senior" marketing manager. This was incorrect, since Salt had less seniority than Schmitz as a marketing manager. Judge Broderick noted in contrast that, at trial, St. Regis offered an elaborate and sophisticated reason for Schmitz's firing based on the company's need for "a salesman rather than a marketing person in the position of Marketing Manager for Compactor Bags." In finding that this latter justification was merely a pretext, Judge Broderick observed that the "original explanation which was offered by Mr. Thaden and Mr. Versfelt to Mr. Cole and by Mr. Cole not only to Miss Schmitz's counsel, but also to the New York State Division of Human Rights, was clearly false." Judge Broderick obviously took into account the shift in St. Regis's justification for terminating Schmitz. St. Regis now maintains that Cole had not spoken to Thaden or Versfelt before offering the original explanation, and that Cole in good faith thought that Schmitz was the least senior marketing manager, when actually she was "one of the least senior" marketing managers. Even if we accept St. Regis's amended version of the reason given to Schmitz's counsel and the Division of Human Rights, it is clear that the amended reason is still substantially different from the reason St. Regis asserted at trial. Therefore, St. Regis's belated revision and expansion of the original explanation does not provide a basis for setting aside Judge Broderick's finding that St. Regis's justification at trial was merely a pretext.

St. Regis presses the related point that Judge Broderick's assessment of Thaden's credibility was tainted by the judge's allegedly erroneous finding that Thaden had provided the false information to Cole. We have noted, however, that Judge Broderick had other clear grounds for doubting Thaden's credibility, such as Thaden's refusal to accept that Schmitz had prepared a marketing plan that was "a pretty good piece of work."

St. Regis also objects to two other findings by Judge Broderick as having no relation to the ultimate finding of sex discrimination. The judge noted that Schmitz's former supervisor was not consulted concerning her work performance and that it was "perhaps significant" that St. Regis lacked a formal pre-termination review procedure. We believe that those findings are relevant because they provide a context for St. Regis's actions. In any event, the evidence we have described was enough to support Judge Broderick's finding of sex discrimination.

We affirm the judgment of the district court.