**Kathleen SCHMITZ, Plaintiff,**

v.

**ST. REGIS PAPER CO., Defendant.**

**No. 83 Civ. 1633 (VLB).**

United States District Court,
S.D. New York.

March 8, 1991.

Loren Baily, New York City, for plaintiff.

Alfred G. Feliu, Paul, Hastings, Janofsky & Walker, New York City, for defendant.

MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

This action was brought in 1983 pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., alleging employment discrimination on the basis of sex. Plaintiff had been dismissed from her position as marketing manager in the bag packaging division of the St. Regis Paper Company ("St. Regis") in 1981 for reasons St. Regis stated were economic. I held a full trial and determined that St. Regis had been guilty of employment discrimination in the termination of the plaintiff. On June 16, 1986, I directed St. Regis[1] to reinstate the plaintiff "to a position which is comparable to the position from which she was eliminated." I further specified that plaintiff's new job should involve "working on forecasting and on new product development for film products, resolving problems with stretch film and rewriting the plastics manual."

After I issued this ruling, the parties apparently agreed to postpone reinstatement pending appeal to the Second Circuit. On February 5, 1987, the Second Circuit affirmed. 811 F.2d 131. In the months that followed, defendant offered plaintiff two positions, one of which plaintiff considered not to be comparable. With respect to the other position, plaintiff's counsel requested a full description of the responsibilities. Defendant furnished the following description:

| Position Title | Marketing Manager/Assistant To Vice–President—Order Services |
|---|---|
| Grade | 14 |
| Compensation | $43,000.00 |
| Location | Hamilton, Ohio |

*General Activity*

Reports to the Vice President of Order Services and assists him in the management of department activities.

Works with all departments in Order Services on marketing and other related projects as assigned. Provides marketing and product support for department managers. Manages specific areas of marketing, product sales, production planning, systems, training, customer service, etc.

*Specific Activity*

Works as assigned on specific marketing and other related projects for Order Services department. Typical responsibilities would include:

° Support activities related to marketing of printing and writing and publication paper grades.
° Assist product management group in the preparation and implementation of marketing plan(s) setting forth projections for the year relative to impact on bottom line and tactics to accomplish goal.
° Assists in the process of allocating product line among customers.
° Training of newly hired sales people.
° Assist department managers in daily activities related to customer relations, order entry, scheduling inventory, management, cost improvement, etc.
° Analyze market and statistical data to identify trends and to assist in management decisions.

Typical projects would include:
° Implementation and management of new telephone sales system.
° Implementation of monthly target performance measurement system.
° Computerization of various sales and marketing system functions and communications including sales reports.
° Coordination of project work involving participative management work teams.
° Coordination of projects involving restructuring of the Order Services department.

After this information was provided, plaintiff accepted the position of marketing manager and assistant to the vice-president of the order services department, located in Hamilton, Ohio. Plaintiff began work on July 13, 1987 and plaintiff's counsel exe-

---

1. St. Regis Paper Company merged with Champion International Corporation ("Champion") on January 31, 1985. Champion, as the successor corporation assumed St. Regis' responsibility of reinstating plaintiff to a comparable position.

cuted a satisfaction of judgment on July 14, 1987.

Plaintiff asserts that within the first couple of months it became clear that the position was not comparable to her prior job. In December 1987 and March 1988 plaintiff informally discussed with her supervisor, Mr. Burton MacArthur, her concerns with the position. Plaintiff filed an internal complaint in April of 1989. Thereafter, in March of 1990 the plaintiff filed herein a motion for contempt.

Now pending before me are plaintiff's motion for contempt and supplemental relief, and defendant's motion to dismiss plaintiff's motion for contempt. I deny plaintiff's motion for contempt and supplemental relief and grant defendant's motion to dismiss plaintiff's motion for contempt.

I. Plaintiff's claim is barred by the equitable doctrine of laches.

Equity aids only the vigilant, not those who sleep on their rights. *Mikulec v. United States*, 705 F.2d 599, 602 (2d Cir.1983). The equitable defense of laches evolved out of that maxim and bars a plaintiff's claim where the plaintiff unreasonably delays in instituting a suit, if the result of the delay is prejudicial to the defendant. *See Ali A. Tamini v. M/V Jewon*, 808 F.2d 978, 979–980 (2d Cir.1987); *Majorica, S.A. v. R.H. Macy & Co., Inc.*, 762 F.2d 7, 8 (2d Cir.1985) *on remand* 699 F.Supp. 105 (S.D.Tex.1988), *aff'd Tamini v. Salen Dry Cargo AB*, 866 F.2d 741 (5th Cir.1989); *Union Bank of India v. Seven Seas Imports, Inc.*, 727 F.Supp. 125, 131 (S.D.N.Y.1989). The reasonableness of the delay rather than its length is the focus of the court's inquiry.

Plaintiff unreasonably delayed in filing her motion for contempt. She had knowledge of the facts affecting her rights during the first year in which she commenced work at Champion, and during that period she came to believe that her new duties were not comparable to her previous employment. She voiced her concerns about her present duties to Mr. MacArthur in December of 1987, and again in March of 1988. Thereafter, plaintiff waited until April, 1989 before filing a formal complaint with Champion.

As a result of plaintiff's complaint, Champion hired the law firm of Frost & Jacobs to investigate her allegations. Deborah Adams, Esq., a partner and experienced employment lawyer with Frost & Jacobs, conducted numerous interviews with company officials, employees and plaintiff. Ms. Adams concluded in June of 1989 that plaintiff had been placed in a position comparable to that from which she had previously been eliminated, and that she had not been subjected to sexual discrimination or retaliation. After receiving the results of Ms. Adams' investigation, the plaintiff waited nine months before bringing her motion for contempt.

Plaintiff's failure to file her motion for contempt in a timely manner prejudiced defendant in two respects. First, the defendant has lost potentially valuable evidence. Many of the former St. Regis employees who could testify as to Plaintiff's prior job duties do not work for Champion and may be difficult if not impossible to locate. Furthermore, plaintiff's motion requires those witnesses who can be located to reconstruct events which occurred ten or more years ago.

Second, Champion has changed its position with respect to the plaintiff. The company reinstated plaintiff in good faith to a position to which she acquiesced and with respect to which she accepted the benefits. In addition, it has spent three years working with the plaintiff and devoting its effort toward helping her attain success in the job.

Plaintiff attempts to explain the three-year delay in filing her motion for contempt by arguing that the defendant fraudulently induced the execution of the satisfaction of judgment. Plaintiff claims that at the time of the execution of the satisfaction of judgment the defendant represented that the jobs were comparable. The fraud occurred, plaintiff states, because the defendant knew at the time the satisfaction of judgment was executed that the former and present jobs were not comparable. Plaintiff asserts that the delay in filing the

motion for contempt is excusable because she could not prove contempt with clear and convincing evidence until the fraud was uncovered. She posits, moreover, that she took reasonable action to remedy the situation without the intervention of this court.

The facts do not support plaintiff's argument that discovery of the alleged fraud substantially delayed her from filing her motion in a more timely manner. During her first year in the new position, plaintiff became aware that it was not comparable to her previous employment. The exhaustion of internal remedies is not a prerequisite for filing a motion for contempt.

## II. Plaintiff has failed to prove contempt.

■■■■ The standard for contempt is rigorous and mandates that the plaintiff prove by clear and convincing evidence that:

> the order being enforced is 'clear and unambiguous,' the proof of non-compliance is 'clear and convincing,' and the [defendant] had not 'been reasonably diligent and energetic in attempting to accomplish what was ordered.'

*E.E.O.C. v. Local 580, International Association of Bridge, Structural and Ornamental Ironworkers, Joint Apprentice–Journeyman Educational Fund Allied Building Metal Industries, Inc.*, 925 F.2d 588, 593, 594 (2d Cir.1991) (quoting *EEOC v. Local 638 Sheet Metal Workers' Int'l Ass'n*, 753 F.2d 1172, 1178 (2d Cir.1985), *aff'd*, 478 U.S. 421, 106 S.Ct. 3019, 92 L.Ed.2d 344 (1986)). *Accord New York State National Organization for Women v. Terry*, 886 F.2d 1339 (2d Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 2206, 109 L.Ed.2d 532 (1990). The plaintiff fails to satisfy this burden. Although the order alleged to have been violated is clear and unambiguous, the plaintiff has not proven by clear and convincing evidence that the defendant failed to comply with the order or that the defendant failed to implement the order in a reasonably diligent manner.

### A. The underlying order was unambiguous.

The defendant could not strictly implement the June 1986 order, which directed that the plaintiff's new job should involve "working on forecasting and on new product development for film products, resolving problems with stretch film and rewriting the plastics manual," because the St. Regis Paper Company had merged with Champion International Corporation ("Champion") on January 31, 1985. In 1987, at the time of the plaintiff's reinstatement, the merged company's work force had been drastically cut and Champion had begun to phase out the marketing department as an independent department. In addition, Champion had sold the bag packaging division of St. Regis and disposed of all its brown paper operations including stretch film.

However, the June 1986 order does constitute a specific and definite order, capable of being carried out: it required unambiguously that Champion must reinstate the plaintiff "to a position which is comparable to the position from which she was eliminated."

### B. Proof of defendant's non-compliance is not clear and convincing.

Plaintiff has failed to demonstrate by clear and convincing evidence that the defendant failed to reinstate plaintiff to a comparable position from which she was terminated.

When determining whether a position is comparable in employment discrimination cases, the courts look to see whether the position offers similar pay, title, job responsibilities, job duties, promotional opportunities, working conditions and status. *Barnes v. Bosley*, 828 F.2d 1253, 1256 (8th Cir.1987); *see also Spagnuolo v. Whirlpool Corporation*, 717 F.2d 114, 117–118 (4th Cir.1983). Plaintiff does not address many of these criteria in her briefing papers. However, plaintiff asserts that her present position is not comparable to her former position because she was treated as an assistant rather than as a manager; she had to educate constantly her co-workers as to her title and management responsibilities; her direct supervisor was under the impression that she was little more than a

"gofer" for the vice-president to whom she reported; she was told not to perform forecasting and marketing duties because those duties were the responsibility of the sales/marketing department, not the order and services department. Plaintiff concludes that the position is a dead end, special projects job. In addition, plaintiff asserts that a position comparable to her former job exists and existed at the time of her reinstatement, in the printing and writing division and in other divisions in Champion.

I find that plaintiff's new position is sufficiently comparable to her former position. Plaintiff was reinstated to the same job grade she had had, and in her new position she receives a higher salary. In her old and new positions plaintiff had managerial responsibility. At St. Regis plaintiff had been marketing manager in the brown bag packaging division, and at Champion, she is marketing manager and assistant to the vice-president in the order services department.

Plaintiff's current duties sufficiently reflect the type of project-oriented duties she was responsible for in her former position. Her former job duties included repositioning stretch film, determining appropriate prospects, training sales recruits, handling distribution efforts, handling new growth areas, supervising others, and managing other research projects. Her current duties include, or have included, implementing a new telephone sales system; working on an inter-mill transfer project in which she analyzed how the company could more efficiently move products between mills; analyzing how to improve the distribution centers' efficiency; developing a grade matrix—a computerized model used by the sales/marketing department to access product information more easily; planning and actively participating in district sales meetings; designing a "sales aid" computerized model which essentially allows the company to catalog information on customers, thereby allowing a sales/marketing force to access such information easily. Each of these duties is related to specific responsibilities enumerated in the job description. Each falls within the contem-

plated responsibility of "[a]ssist[ing] department managers in daily activities related to customer relations, order entry, scheduling inventory, management cost improvement, etc." and "[a]nalyz[ing] market and statistical data to identify trends and to assist in management decisions."

Plaintiff has not adequately contrasted her current and former job responsibilities and duties, and has, as a consequence, failed to show by clear and convincing evidence that the current and former jobs are not comparable.

Plaintiff concededly is not involved in selling or marketing any particular product, but the job description which plaintiff reviewed before accepting her present position does not state that the plaintiff would have responsibility over the marketing of a particular product. Plaintiff's present position does allow her to gain exposure to marketing operations and to fulfill an important marketing duty as a member of a line function in which she works with inside sales people, manufacturing people, district sales people and high level employees at Champion's headquarters.

Plaintiff insists that the positions titled "market manager" and "product manager" within the printing and writing division of Champion are the closest to the duties she performed while at St. Regis, and she claims that these positions were available at the time she negotiated with Champion for reinstatement to a comparable position. She also asserts that the court's order could be complied with if Champion transferred her to a managerial position within the sales/marketing department or to a product manager position in another division. She does not, however, submit evidence to support this assertion. Thus she fails to explain how the positions of product manager, market manager, district sales manager, or assistant district sales manager in Champion are comparable to her former position with St. Regis. Defendant has submitted evidence which demonstrates that plaintiff is not qualified for the positions of assistant district sales manager and district sales manager because she lacks sales experience, and defendant has

shown that the former St. Regis positions of marketing manager and product manager do not exist at Champion.

While plaintiff asserts that her current position is a "dead end" job, she fails to buttress that assertion with evidence. Defendant has demonstrated that at least three employees who formerly have held the same position at Champion have received promotions and advanced.

One of plaintiff's complaints is that she has had to educate her co-workers and her supervisor as to her job status—a fact that is not surprising given the dual title and nature of the position. Plaintiff serves as both a marketing manager and as an assistant to vice-president of order services.

C. Defendant was reasonably diligent, energetic and successful in attempting to place plaintiff in a comparable position.

To determine reasonable diligence, courts examine the defendant's actions and consider whether they are based on a good faith and reasonable interpretation of the court order. *See Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.,* 689 F.2d 885, 889 (9th Cir.1982). Courts have also considered, *inter alia,* whether the defendant in face of the requirements of a court order has neglected to marshal its own resources, to assert its own authority, and to demand needed results from subordinate individuals and agencies; and whether the defendant has "displayed an evident sense of non-urgency bordering on indifference." *See Aspira of New York v. Board of Education of the City of New York,* 423 F.Supp. 647, 654 (S.D.N.Y.1976).

There is no evidence before the court that the *Aspira* factors apply to the defendant. Because of the merger of St. Regis and Champion in January 1985 and subsequent reorganization of the merged company, no position identical to plaintiff's former position existed in July of 1987. The defendant searched in good faith for an available position which would be comparable to plaintiff's former position, and which would be one for which she was qualified. On five separate occasions, plaintiff trav-eled to the defendant's headquarters to meet with officials about possible reinstatement positions. Approximately five months after the Court of Appeals affirmed this court's June 1986 decision, plaintiff began work in a sufficiently comparable position.

SO ORDERED.