**The WELLA CORPORATION,
Plaintiff–Appellant,**

**v.**

**WELLA GRAPHICS, INC. and Peter
Minaya, Defendants–Appellees.**

**No. 1732, Docket 93–9157.**

United States Court of Appeals,
Second Circuit.

Argued June 8, 1994.

Decided Sept. 22, 1994.

Bruce E. Lilling, Lilling & Lilling, White Plains, NY, for plaintiff-appellant.

Christopher G. Kulakis, Lopresto, Kulakis & Christoforatos, Astoria, for defendants-appellees.

Before: WINTER and WALKER, Circuit Judges, and WARD,* District Judge.

WINTER, Circuit Judge:

The Wella Corporation appeals from Judge Bartels' denial of its contempt motion against Wella Graphics, Inc. and Peter Minaya (collectively, "Wella Graphics") for failure to comply with a default judgment entered in an action for trademark infringement. Wella Corporation contends that Wella Graphics violated the terms of the default judgment by adopting a confusingly similar name—Wello Graphics—and by failing to deliver up infringing materials for destruction. Because the district court applied the wrong standard in evaluating the new name, we reverse in part and remand for application of the proper standard. We otherwise affirm the district court's denial of the contempt motion.

## BACKGROUND

Wella Corporation, a producer of hair-care products, is the registered owner of the trademark "Wella" and has used the mark continuously since 1931. Wella Graphics is a small graphics company specializing in serving the health care industry. Peter Minaya is the principal of Wella Graphics. Wella Corporation filed a complaint against Wella Graphics alleging, *inter alia*, that its use of

the name "Wella" constituted trademark infringement in violation of 15 U.S.C. § 1114(1) (1988). Wella Graphics did not answer the complaint, and a default judgment was entered. The default judgment enjoined Wella Graphics from "[u]sing Wella or any mark confusing[ly] similar to [Wella Corporation's] mark Wella." The default judgment further ordered Wella Graphics "to deliver up for destruction all brochures, labels, prints, packages, advertising, promotional material, and other printed matter" bearing the mark "Wella."

Wella Corporation and Wella Graphics then entered into an agreement supplementing the default judgment. Wella Graphics agreed not to challenge the default judgment and to comply with the default judgment's provisions. In return, Wella Corporation waived its right to costs.

Subsequently, Wella Graphics changed its name to Wello Graphics. Wella Corporation then sought a contempt order on the ground that the name "Wello Graphics" is "confusingly similar" to its trademark "Wella." Wella Corporation also sought relief on the ground that Wella Graphics failed to deliver up for destruction its printed material bearing the mark "Wella." Judge Bartels, applying the test established in *Polaroid Corp. v. Polarad Electronics Corp.*, 287 F.2d 492 (2d Cir.), *cert. denied*, 368 U.S. 820, 82 S.Ct. 36, 7 L.Ed.2d 25 (1961), found that Wella Corporation had not met its burden of showing that the name "Wello Graphics" infringed upon its trademark. His ruling relied principally upon the fact that the parties' respective products did not compete with each other. Judge Bartels found also that the printed material bearing the mark "Wella" had been destroyed.

## DISCUSSION

In order to prevail on an initial claim of trademark infringement under the Lanham Act, 15 U.S.C. §§ 1051–1127 (1988), a plaintiff must show that the use of defendant's mark is likely to cause confusion. *See*

---

* The Honorable Robert J. Ward, United States District Judge for the Southern District of New York, sitting by designation.

*W.W.W. Pharmaceutical Co. v. Gillette Co.,* 984 F.2d 567, 570–71 (2d Cir.1993). The "likely to cause confusion" infringement standard is a statutorily-imposed requirement, *see* 15 U.S.C. § 1114 (1988), implemented in cases involving dissimilar products by applying the now familiar factors set forth by Judge Friendly in *Polaroid Corp. v. Polarad Electronics Corp.,* 287 F.2d 492 (2d Cir.), *cert. denied,* 368 U.S. 820, 82 S.Ct. 36, 7 L.Ed.2d 25 (1961). The *Polaroid* factors include "the strength of [the] mark, the degree of similarity between the two marks, the proximity of the products, the likelihood that the prior owner will bridge the gap, actual confusion, and the reciprocal of defendant's good faith in adopting its own mark, the quality of defendant's product, and the sophistication of the buyers." *Id.* at 495; *Sterling Drug, Inc. v. Bayer AG,* 14 F.3d 733, 740 n. 3 (2d Cir.1994); *W.W.W. Pharmaceutical Co.,* 984 F.2d at 572.

■ As noted, the *Polaroid* factors are applied in making the initial determination of trademark infringement. The present matter is past the infringement stage, however, because Wella Corporation is seeking to enforce the injunction through a contempt motion. The sole issue before the district court, therefore, was whether Wella Graphics violated the injunction, that is, whether the name Wello is "confusingly similar" to the name "Wella." In denying the contempt motion, the district court erroneously went beyond the terms of the injunction and applied the *Polaroid* factors, including proximity of the products and likelihood of bridging the gap. When enforcing injunctions that enjoin use of any mark confusingly similar to the protected mark, courts should not adjudicate issues such as product proximity but should simply evaluate whether or not the new mark is confusingly similar to the protected mark, regardless of the products on which the marks are used. *See, e.g., Oral–B Labs. v. Mi–Lor Corp.,* 810 F.2d 20, 22–23 (2d Cir. 1987); *Eskay Drugs v. Smith, Kline & French Labs.,* 188 F.2d 430 (5th Cir.1951). Although the terms of such an injunction impose a heavier burden on an infringing party with a redesigned mark than is imposed on a newcomer with a similar mark, "a party who has once infringed a trademark may be required to suffer a position less advantageous than that of an innocent party." *Oral–B Labs.,* 810 F.2d at 24 (citations omitted). Moreover, to obtain an injunction against an infringer, an owner of a mark must satisfy the *Polaroid* test. The injunction, however, would be of questionable value if enforcement against every alteration of the infringing mark required a relitigation of the *Polaroid* factors. Indeed, such a requirement would lead to the anomaly of a trademark plaintiff having to satisfy the *Polaroid* test by clear and convincing evidence to enforce an injunction, *see Hart Schaffner & Marx v. Alexander's Dep't Stores, Inc.,* 341 F.2d 101 (2d Cir.1965), but only having to meet the less stringent preponderance-of-the-evidence test to obtain the injunction in the first place.

■ The district court therefore erred by employing the *Polaroid* analysis, including proximity of the products and likelihood of bridging the gap, to evaluate the legality of a minor alteration of a mark already found to be infringing. The district court simply should have determined whether "Wello" is confusingly similar to "Wella."

Finally, Wella Corporation contends that the district court should have held Wella Graphics in contempt for failing to deliver up for destruction its printed material bearing the mark "Wella." The district court found that the infringing materials had been destroyed. Because the Wella Corporation offered no evidence that the infringing materials had not been destroyed, the lower court's finding is not clearly erroneous. Fed. R.Civ.P. 52(a).

## CONCLUSION

We remand for a determination of whether "Wello" is confusingly similar to "Wella." We otherwise affirm the district court's denial of the contempt motion.