The **WELLA CORPORATION, Plaintiff,**

v.

**WELLA GRAPHICS, INC. and
Peter Minaya, Defendants.**

**No. 92 CV 4885 (JRB).**

United States District Court,
E.D. New York.

Dec. 29, 1994.

Bruce Lilling, Lilling & Lilling, White Plains, NY, for plaintiff.

Christopher G. Kulakis, Lopresto, Kulakis & Christoforatos, Astoria, NY, for defendants.

## MEMORANDUM AND ORDER

BARTELS, District Judge.

This motion is decided on remand. Plaintiff Wella Corporation appealed from this court's denial of its contempt motion brought against defendants Wella Graphics, Inc. and Peter Minaya (collectively "Wella Graphics") for failure to comply with a default judgment entered in an action for trademark infringe-

ment. In the only portion of plaintiff's motion still at issue, plaintiff contends that defendants violated the terms of the default judgment by adopting a name, WELLO GRAPHICS, which is confusingly similar to plaintiff's mark, WELLA.

## BACKGROUND

The Wella Corporation, a producer of hair care products, is the registered owner of the trademark WELLA and has used the mark continuously since 1931. Wella Graphics is a small graphics company specializing in serving the health care field. Peter Minaya is the principal of Wella Graphics and he and his wife are its sole employees. Wella Corporation filed a complaint against Wella Graphics alleging, *inter alia,* that defendants' use of the name WELLA constituted trademark infringement in violation of 15 U.S.C. § 1114(1) (1988). Defendants did not answer the complaint and a default judgment was entered, enjoining defendants from "[u]sing Wella or any mark confusingly similar to Plaintiff's mark WELLA" [sic]. Subsequently, the parties entered into a settlement agreement under which, in exchange for plaintiff's waiver of attorney's fees, defendants agreed to comply with the terms of the default judgment and not to move to vacate the default judgment.

Following the settlement agreement, defendants changed their name from WELLA GRAPHICS to WELLO GRAPHICS. In response, plaintiff brought this motion for an order holding defendants in contempt. Plaintiff contends that defendants' new name violates the default judgment because it is confusingly similar to plaintiff's mark, WELLA. Plaintiff's motion was denied for its failure to meet the standard of clear and convincing proof necessary to prevail in a contempt motion. On appeal, the Court of Appeals for the Second Circuit reversed in part and remanded in part, holding that this court went beyond enforcement of the terms of the injunction and erroneously evaluated Wella Graphics' new name for infringement applying the factors established in *Polaroid Corp. v. Polarad Electronics Corp.,* 287 F.2d 492 (2d Cir.), *cert. denied,* 368 U.S. 820, 82 S.Ct. 36, 7 L.Ed.2d 25 (1961). Accordingly,

Wella Graphics' change of name to WELLO GRAPHICS is now reevaluated against plaintiff's mark WELLA for confusing similarity according to the terms of the injunction. As instructed by the Court of Appeals, this court looks solely at the marks themselves, without regard to factors such as similarity of the parties' products or potential for customer confusion.

## DISCUSSION

■ Under 18 U.S.C. § 401(3), the court is empowered to enforce compliance with its orders through civil contempt. In order to do so, the court must find (1) a clear and unambiguous order, (2) proof of defendant's noncompliance by clear and convincing evidence, and (3) a lack of diligence on the part of defendant in attempting to accomplish what was ordered. *Drywall Tapers, Local 1974 v. Local 530*, 889 F.2d 389, 394 (2d Cir.1989); *S.E.C. v. Oxford Capital Securities, Inc.*, 794 F.Supp. 104, 106 (S.D.N.Y. 1992).

It is undisputed that the terms of the injunction are sufficiently clear and unambiguous to be enforced.

■ Although plaintiff must prove by clear and convincing evidence that the name WELLO GRAPHICS is confusingly similar to its trademark WELLA, its task is made considerably easier by defendants' default. Wella Graphics, having chosen to waive its right to move to vacate the default judgment, now stands as a convicted infringer of plaintiff's trademark and is in a position less advantageous than an innocent party would be. *Wella Corp. v. Wella Graphics, Inc.*, 37 F.3d 46, 48 (2d Cir.1994); *Oral–B Laboratories, Inc. v. Mi–Lor Corp.*, 810 F.2d 20, 24 (2d Cir.1987)). Not only must Wella Graphics comply with the terms of the injunction, it is duty bound to steer clear of the dividing line between compliance and violation. In other words, defendants may not test the boundaries of this court's order by making only minimal changes to a mark already found to be infringing. *Oral–B Lab., Inc.*, 810 F.2d at 24; *Eskay Drugs, Inc. v. Smith, Kline & French Laboratories*, 188 F.2d 430, 432 (5th Cir.1951). To allow defendants to do otherwise would render the default judg-

ment ineffective. *Wella Corp.*, 37 F.3d at 48; *Eskay Drug, Inc.*, 188 F.2d at 432. Defendants' alteration of a single letter in its name, from WELLA GRAPHICS to WELLO GRAPHICS, does not meet this heightened standard for compliance. Hence, the court concludes that WELLO GRAPHICS is confusingly similar to plaintiff's mark WELLA and, thus, defendants are not in compliance with the terms of the default judgment.

■ Nonetheless, in spite of defendant's noncompliance, the standard for contempt is rigorous and plaintiff has not proven by clear and convincing evidence that Wella Graphics has been insufficiently diligent and energetic in attempting to comply with the default judgment. The judgment was entered on February 3, 1993. By the end of March 1993, defendant Peter Minaya established a new corporation and thereafter destroyed all materials connected with his business which contained the name WELLA GRAPHICS. Further, although plaintiff's name change has been found to be confusingly similar, the choice of WELLO GRAPHICS was a reasonable interpretation of the terms of the injunction. *Schmitz v. St. Regis Paper Co.*, 758 F.Supp. 922, 926 (S.D.N.Y.1991) ("In determining reasonable diligence, courts examine defendant[s'] actions and consider whether they are based on a good faith and reasonable interpretation of the court order"); *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 889 (9th Cir.1982). Defendants' conduct was not contumacious.

Both plaintiff and defendants have requested an award of costs and attorneys' fees for this action. Defendant Wella Graphics' request for costs is denied as being without merit. Plaintiff's request is also denied as it is the general practice in this Circuit for courts to " 'award the reasonable cost of prosecuting the contempt, including attorney's fees,' only where violation of a court order is found to have been willful." *Manhattan Industries v. Sweater Bee by Banff, Ltd.*, 885 F.2d 1 (2d Cir.1989) (quoting *Canterbury Belts Ltd. v. Lane Walker Rudkin, Ltd.*, 869 F.2d 34, 39 (2d Cir.1989)). Such is not the case here.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for an order of contempt is hereby DENIED. However, as defendants new name has been determined to violate the terms of the default judgment, it is ORDERED, ADJUDGED, and DECREED that defendants Wella Graphics and Peter Minaya, their related companies, subsidiaries, divisions and controlled affiliates, and their officers, directors, and stockholders, and all companies controlled by any of them, and their agents, attorneys, employees and all other persons in privity with any of them or under their supervision or control, are permanently enjoined from using WELLO GRAPHICS or any mark confusingly similar to plaintiff's mark WELLA.

SO ORDERED.