**AL–OR INTERNATIONAL, LTD., a California corporation; Philippe Charriol International, Ltd., Plaintiffs–Counter–Defendants–Appellants,**

v.

**GRANDEUR CREATIONS, INC.; Da Costa; Tennis Collection; Hector's Fine Jewelry, Inc.; Benjamin & Co.; E & H Trading, Messing, Inc.; E. Gluck Corp., dba Anne Klein II; Adi–Chen Jewelry; Nelson Industries, Inc., Ora Alexander, Inc., Defendants,**

and

**La Remaks International, Inc., Defendant–Appellee,**

**Reller, Inc., Defendant–Counter–Claimant–Appellee.**

No. 00–56406.
D.C. No. CV–95–02266–ABC.

United States Court of Appeals, Ninth Circuit.

Submitted * Dec. 7, 2001.

Decided Dec. 19, 2001.

R.App. 34(a)(2).

Before BROWNING, REINHARDT, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Appellants AL–OR International, Ltd. and Phillipe Charriol International, Ltd. (Appellants) appeal the district court's denial of AL–OR's motion for an order to show cause why Appellee Reller, Inc. (Reller) should not be held in contempt for violation of a permanent injunction. The district court found that Reller did not violate the terms of the permanent injunc- tion because the jewelry in question was neither a "colorable imitation of" nor "sub- stantially similar" to Appellants' trade- mark, and therefore denied Appellants' motion. We affirm.

Appellants were granted a trademark (the Trademark) on February 27, 1990, which consisted of a "metallic nautical rope design as an integral feature of … clocks, watches, and jewelry; namely, key rings, rings, bracelets, earrings, necklaces, pen- dants, and cufflinks, all made of precious metal." Appellants brought a successful trademark infringement and unfair compe- tition suit against Reller which resulted in the issuance of an injunction permanently enjoining Reller from manufacturing in- fringing goods. Reller subsequently de- veloped new lines of cable jewelry named "New Twist" and "Gold Wave." Appellants filed a motion with the district court alleg- ing that these new lines of cable jewelry contained the Trademark in violation of the permanent injunction.

■ We review the district court's deni- al of Appellants' motion for an abuse of discretion. *See Vertex Distributing, Inc. v. Falcon Foam Plastics, Inc.,* 689 F.2d 885, 889 (9th Cir.1982). "When enforcing injunctions that enjoin the use of any mark confusingly similar to the protected mark, courts should not adjudicate issues such as product proximity but should simply evalu- ate whether or not the new mark is confus- ingly similar to the protected mark." *Wol- fard Glassblowing Co. v. Vanbragt,* 118 F.3d 1320, 1322 (9th Cir.1997). Further, under the terms of the permanent injunc- tion, the district court was required to determine whether the new designs were "colorable imitations of" or "substantially similar" to the Trademark. A "colorable imitation" itself is a product that is likely

** This disposition is not appropriate for publi- cation and may not be cited to or by the courts of this circuit except as may be provid- ed by 9th Cir. R. 36–3.

to cause confusion. *See id.* at 1323. Thus, the central focus of the district court's inquiry was whether confusing similarity existed between the designs.

 A comparison of the jewelry exemplars in this case shows that Judge Collins did not clearly err or abuse her discretion in concluding that Reller's new line of jewelry was neither a "colorable imitation of" nor "substantially similar" to the protected mark. While the Trademark has a smooth surface and resembles a single strand of rope, Reller's "New Twist" and "Gold Wave" designs at issue here more closely resemble several small strands of barbed wire twisted around each other, with "negative space" between each of the strands. The district court did not err in finding that there was no confusing similarity between these designs. AFFIRMED.[1]

---

1. The parties should contact Stacy Brebner, Divisional Deputy Clerk in Seattle, 206–553–2937, to arrange for the return of the jewelry exemplars lodged with this Court.