11-3895(L)
Mears v. Montgomery

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10ᵗʰ day of October, two thousand thirteen.

PRESENT:
JON O. NEWMAN,
ROSEMARY S. POOLER,
DEBRA ANN LIVINGSTON,
*Circuit Judges.*

_____

ERVIN MEARS, JR.,

*Plaintiff - Counter Defendant - Appellant*,

PHILLIP J. TERRY, SR.

*Intervenor - Plaintiff*

v.                                                                11-3895(L);
                                                                   11-4105(con)

GLEN MONTGOMERY, THE INTRUDERS, INC.,

*Defendant - Appellee.*

_____

**FOR APPELLANT:**          Ervin Mears, *pro se*, Lawnside, NJ (*on submission*).

**FOR APPELLEES:**          Robert A. Cohen, Dechert LLP, New York, NY,
                            Joseph R. Heffern, Dechert LLP, Philadelphia, PA,
                            Joanna Frances Sandolo, Meiselman, Denlea, Packman,
                            Carton & Ebertz, P.C., White Plains NY (*on submission*).

Appeal from a judgment of the United States District Court for the Southern District of New York (Dolinger, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Ervin Mears, Jr., proceeding *pro se*, appeals from two district court orders holding him in civil contempt and imposing sanctions for violating a 2006 injunction against his continued use of the trademark "The Intruders"—held by Intervenor Phillip Terry, Sr., and licensed exclusively to Appellee Glen Montgomery—in the promotion of Appellant's vocal group. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

We review an order imposing a sanction for an abuse of discretion. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 55 (1991); *Corroon v. Reeve*, 258 F.3d 86, 92 (2d Cir. 2001). However, we will "review a finding of contempt under an abuse of discretion standard that is more rigorous than usual." *S. New England Tele. Co. v. Global NAPs Inc.*, 624 F.3d 123, 145 (2d Cir. 2010) (internal quotation omitted). "A court may hold a party in civil contempt only if there is a clear and unambiguous order, noncompliance is proved clearly and convincingly, and the [contemnor] has not been reasonably diligent and energetic in attempting to accomplish what was ordered." *Drywall Tapers & Pointers v. Local 530*, 889 F.2d 389, 394 (2d Cir. 1989) (internal quotation marks omitted). The violation, however, need not be willful. *See McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949); *E.E.O.C. v. Local 638*, 81 F.3d 1162, 1171 (2d Cir. 1996).

Appellant first challenges the district court's factual findings in *Mears v. Montgomery* ("*Mears I*"), No. 02-cv-407, 2006 WL 1084347 (S.D.N.Y. Apr. 24, 2006). However, he raises this for the first time on appeal, and as such, he has waived his opportunity to be heard on these arguments. *Cf. Bogle–Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006) ("'[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal.'" (quoting *Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994))). These issues were fully litigated and decided in *Mears I*. *See* 2006 WL 1084347, at *12. Appellant did not appeal that decision, and cannot attempt to do so now, seven years later. *Cf.* Fed. R. App. P. 4(a)(1).

Similarly, Appellant did not properly preserve his argument that the 2006 injunction was ambiguous. *See Bogle–Assegai*, 470 F.3d at 504. Appellant argues that the injunction was ambiguous because, in *Mears I*, the district court indicated that Appellee's claim to the mark was "superior" to Appellant's, without indicating what rights Appellant might retain. This argument challenges the underlying merits of *Mears I*, and the time to do so has long since passed. *Cf.* Fed. R. App. P. 4(a)(1). Appellant does not challenge as ambiguous the terms of the 2006 injunction itself, which clearly indicated that he was forbidden to use the "The Intruders" mark or "any derivative or similar mark likely to cause confusion." ROA doc. 70.

2

"Every order granting an injunction . . . shall be specific in terms [and] shall describe in reasonable detail . . . the act or acts sought to be restrained." Fed. R. Civ. P. 65(d)(1). Accordingly, before a court may use the contempt power for violation of its injunction, it must be shown that "the party enjoined [could] ascertain from the four corners of the order precisely what acts are forbidden." *Sanders v. Air Line Pilots Ass'n, Int'l*, 473 F.2d 244, 247 (2d Cir. 1972); Fed. R. Civ. P. 65(d). A court's treatment of issues beyond the prohibitions of the injunction—even if unnecessary or less than clear—itself does not render an otherwise clear decree ambiguous. *Cf. In Re Criminal Contempt Proceedings Against Gerald Crawford, Michael Warren*, 329 F.3d 131, 139 (2d Cir. 2003) (declining to find a decree ambiguous where it contained an unnecessary clause, but nevertheless clearly described and prohibited the challenged conduct, because "[w]hile the clause may have been unnecessary, it did not make the Order's directives any less clear."). Furthermore, Appellant admitted under oath that he understood the 2006 injunction. *Cf. Drywall Tapers*, 889 F.2d at 395 (2d Cir. 1989) (citing, as evidence that a decree was not ambiguous, a letter from a contemnor evincing an understanding of the implications of the decree). In any event, even if Appellant is correct that the district court erred in failing to delineate what rights, if any, Appellant retained in his "The Intruders" mark, it did not justify his violation of the injunction. "[I]t is well settled that an enjoined party's objections on the merits, regardless of their validity, would not justify a refusal to follow the injunctive mandate." *Town of Islip v. Eastern Air Lines, Inc.*, 793 F.2d 79, 84 (2d Cir. 1986).

The district court did not abuse its discretion in considering only whether Appellant's use of the name "Philly Intruders" was confusingly similar to the "The Intruders" mark, rather than conducting a full infringement analysis. In an initial trademark infringement proceeding, a district court must generally consider eight factors described in *Polaroid Corp. v. Polarad Electronics Corp.*, 287 F.2d 492, 495 (2d Cir. 1961). However, it need not do so during civil contempt proceedings seeking enforcement of an injunction against further infringement. *See PRL USA Holdings, Inc. v. U.S. Polo Ass'n, Inc.*, 520 F.3d 109, 118 (2d Cir. 2008); *Wella Corp. v. Wella Graphics, Inc.*, 37 F.3d 46, 48 (2d Cir. 1994). The only question at the contempt stage, therefore, is whether Appellant has violated the injunction–that is, whether he has used the "The Intruders" mark or "any derivative or similar" mark. *Cf. Wella*, 37 F.3d at 48 ("The district court . . . erred by employing the *Polaroid* analysis, . . . to evaluate the legality of a minor alteration of a mark already found to be infringing. The district court simply should have determined whether "Wello" is confusingly similar to "Wella.").

We have examined the rest of Appellant's arguments, and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk