FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SCOTT SMITH,

              Plaintiff - Appellant,

v.

ENTREPRENEUR MEDIA, INC.,

              Defendant - Appellee.

No. 13-17318

D.C. No. 2:12-cv-02184-MCE-AC

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted July 26, 2016[**]

Before:     SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Scott Smith appeals pro se from the district court's judgment dismissing his

action brought under the Lanham Act seeking review of the Trademark Trial and

Appeal Board's denials of his petitions for cancellation of two Entrepreneur Media,

Inc. ("EMI") trademarks.  We have jurisdiction under 28 U.S.C. § 1291.  We

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo.  *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010) (dismissal under Fed. R. Civ. P. 12(b)(6)); *San Diego Cty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1124 (9th Cir. 1996) (dismissal for lack of standing).  We affirm.

The district court properly dismissed Smith's claim challenging the "Entrepreneur Expo" mark for lack of standing because Smith had previously been enjoined from using colorable imitations of EMI's "Entrepreneur" mark for advertising and business services.  *See Star-Kist Foods, Inc. v. P.J. Rhodes & Co.*, 735 F.2d 346, 349 (9th Cir. 1984) (petitioner must show a real and rational basis for belief that he would be damaged by registration of the mark he seeks to cancel that stems from an actual commercial or pecuniary interest in his own mark); *see also Wolfard Glassblowing Co. v. Vanbragt*, 118 F.3d 1320, 1322-23 (9th Cir. 1997) (district court need not conduct a new infringement analysis where an injunction exists, and may afford less leniency to a party that has already infringed the mark).

The district court properly dismissed Smith's claim challenging the "Entrepreneur Magazine's Small Business Expo" mark for lack of standing because Smith failed to allege facts sufficient to establish that he had a rational basis for belief that he would be damaged by the mark where EMI expressly disclaimed the part of the mark he sought to use and subsequently abandoned its

13-17318

mark in 2011.  *See Star-Kist Foods, Inc.*, 735 F.2d at 349.

Because we affirm the district court's dismissal, we do not consider Smith's arguments regarding remand to a different district court.

Smith's contentions that the local rules are invalid and that the district court judge is biased against him are without merit.

Smith's requests for judicial notice and to invalidate the local rules, set forth in his opening brief, are denied.

**AFFIRMED.**